UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALFRED J. TAYLOR, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CA-045-XR |
| | § | |
| BEXAR COUNTY, | § | |
| | § | |
| *Defendant*. | § | |

### ORDER ON DEFENDANT'S 12(b)(6) MOTION TO DISMISS
### FOR FAILURE TO STATE A CLAIM

On this date, the Court considered Defendant's 12(b)(6) motion to dismiss for failure to state a claim.[1]  Having considered the motion and the documents filed in this case, Defendant Bexar County's motion to dismiss is hereby **GRANTED**.

### Background and Procedural History

On January 19, 2010, Plaintiff filed his motion to proceed *in forma pauperis* ("IFP") against Defendant Bexar County Sheriff's Office.  The Magistrate Judge summarized Plaintiff's complaint as follows:

> Plaintiff's three page proposed complaint names a single defendant, the Bexar County Sheriff's Office, and appears to assert two claims: a claim of excessive use of force and a claim of failure to provide needed medical treatment, each associated with plaintiff's two-week incarceration at Bexar County Jail, apparently in May 2008. Plaintiff alleges he was housed at the Bexar County Detention Center for two weeks, apparently beginning in May 2008 and ending either in May 2008 or June 2008;

---

[1] Def.'s Mot. To Dismiss, Aug. 3, 2010 (Docket Entry No. 13).

plaintiff was sentenced to two weeks in jail for violating his state probation.[2]

On February 9, 2010, this Court ordered Plaintiff to file an amended complaint against Bexar County stating "the Bexar County Sheriff's Office is not a proper jural entity that can be sued in a court of law."[3] On February 23, 2010, Plaintiff filed an amended complaint against Bexar County.[4]

On March 2, 2010, the Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to file within ten (10) days with the Clerk's Office a completed United States Marshal Service ("USMS") Form 285 and legible copies of each of the attachments to the original complaint.[5] On March 10, 2010, Plaintiff hand-delivered his USMS Form 285, naming Bexar County as the Defendant, but requesting service at the Bexar County Sheriff's Office.[6] On June 1, 2010, Defendant Bexar County filed a motion to quash service of process for insufficient service under Rule 12(b)(5) of the Federal Rules of Civil Procedure.[7] This Court granted the Defendant's motion to quash on June 8, 2010, but found that dismissal of the case was not appropriate because the Plaintiff attempted in good faith to accomplish service on the Defendant and there was a reasonable prospect that Defendant would be properly served.[8] The Plaintiff properly served

---

[2] Docket Entry No. 2.

[3] Docket Entry No. 3.

[4] Docket Entry No. 4.

[5] Docket Entry No. 5.

[6] Docket Entry No. 7.

[7] Docket Entry No. 9.

[8] Docket Entry No. 10.

Defendant Bexar County on July 14, 2010.[9] On August 3, 2010, Defendant filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff states he is a United States citizen, a veteran, and a resident of Bexar County.[10] Plaintiff was sentenced to two weeks in jail for violation of his probation.[11] Upon his admission to Bexar County Jail, Plaintiff alleges he was "attacked and beaten" by jail guards for no reason and put in a single holding cell for twenty-four (24) hours.[12] Plaintiff asserts he suffers from high blood pressure, walks with a cane, and was not given any medical assistance upon request.[13] Plaintiff argues that a second attack and beating by jail guards occurred the following day within ten (10) minutes of his release from his cell to obtain medical treatment.[14] He allegedly suffered injuries to his ribs, ankle, and face, and experienced high blood pressure, chest pains, and body pains.[15] When he requested pain medication he was ignored by jail guards and refused treatment by medical staff.[16] Plaintiff alleges that as a result of the attacks and lack of medical attention he has "a Type B aorta dissection in the descending section of [his] artery," which required surgery on May 21, 2009.[17]

---

[9] Def.'s Mot. To Dismiss at 2.

[10] Pl.'s Compl. at 1.

[11] *Id.* at 2.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 3, 20.

[16] *Id.* at 3.

[17] *Id.*

**Defendant's Motion To Dismiss**

Defendant moves to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that 42 U.S.C. §1983 requires Plaintiff to allege facts that "(1) plaintiff has been deprived of a right secured by the Constitution or federal law, (2) defendant acted under color of state law, and (3) defendant's act(s) was the proximate cause of any damages sustained by the plaintiff."[18] Defendant asserts that Plaintiff failed to state a claim that alleged the government entity itself caused the violation and that Plaintiff's claims cannot be asserted for an individual employee's actions under a claim of vicarious liability or *respondeat superior*.[19] In addition, Defendant argues that Plaintiff's claims for inadequate medical care cannot be brought against Bexar County because University Health System, doing business as Correctional Health Care Services, provides medical care for the Bexar County Jail inmates.[20] Defendant asserts that University Health System is a "separate unit of government," and is not controlled by Bexar County.[21]

**Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 8(a)(2) requires the Plaintiff make "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the... claim is and the grounds

---

[18] Def.'s Mot. To Dismiss at 3.

[19] *Id*. at 4-5.

[20] *Id*. at 5-6.

[21] *Id.* at 6

upon which it rests." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court must take the factual allegations in the complaint as true, and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the Plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). The complaint should not be dismissed for failure to state a claim unless it appears that the Plaintiff can prove no set of facts in support of his claim. *Id*. at 284-85.

**Analysis**

*Excessive Use of Force*

    42 U.S.C. §1983 provides the following:

> Every person who, under color of any statue, ordinance, regulation, custom, or usage of any State... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured..."

42 U.S.C. §1983. To state a claim under 42 U.S.C. §1983, the complaint must show (1) a deprivation of a right under federal law, (2) that occurred under color of state law, and (3) was caused by a state actor. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Municipalities are "persons" within the meaning of 42 U.S.C. §1983; however, they are liable only for their own acts and not those attributed to them by *respondeat superior*. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 (1978). In order to recover against a government entity under 42 U.S.C. §1983, a Plaintiff must show that a deprivation of a constitutional right took place pursuant to an official policy or custom. *Monell*, 436 U.S. at 690-91. For liability under 42 U.S.C. §1983 to attach, a Plaintiff must specifically identify a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th

Cir. 2005) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).  In addition, a Plaintiff must specifically identify each and every policy that allegedly caused the constitutional violations.  *Piotrowski*, 237 F.3d at 579.

Plaintiff's Complaint appears to allege a violation of his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment, which satisfies the first requirement of a claim under 42 U.S.C. §1983.  However, Plaintiff fails to identify any policymaker or official policy as the "moving force" behind the violation, which is a required component of Plaintiff's claim against a local government entity.  *See Piotrowski,* 237 F.3d at 579.  An official policy is a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or another official with lawmaking authority.  *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984).  An official policy may also be "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy."  *Id*.  In order to hold a government entity liable under a custom or widespread practice, the governing body must have had actual or constructive knowledge of the practice.  *Id.*

In the present case there are no facts or allegations to support the conclusion that the jail officials described here were acting pursuant to an officially adopted policy or a widespread custom of which Bexar County had actual or constructive knowledge.  It is not enough for a Section 1983 Plaintiff to identify conduct attributable to the municipality, but the Plaintiff must also demonstrate that the municipality was the "moving force" behind the injury alleged through its deliberate conduct.  Bexar County cannot be held liable for the acts of individual employees without deliberate conduct attributable to the County itself.  Plaintiff's claim of excessive use of force is therefore dismissed.

*Inadequate Medical Treatment*

Defendant argues that Plaintiff's claim against Bexar County for inadequate medical treatment must fail because the claim is asserted against members of University Health System medical staff, who are not employees of Bexar County. As described above, in order to assert a claim against Bexar County, Plaintiff must show a deprivation of a right under federal law caused by a state actor under color of state law. *Victoria W. v. Larpenter*, 369 F.3d at 482. Private persons can be held liable under 42 U.S.C. §1983 if they wilfully participate in a joint action with state agents. *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992). However, Plaintiff does not allege violations against individual employees of University Health System. Plaintiff cannot state a claim against Bexar County under a theory of *respondeat superior* for a failure by these employees to provide adequate medical care since they are not employed by the County nor can their conduct be attributed to an official policy of the County. Plaintiff's claim against Bexar County for failure to provide adequate medical treatment is therefore dismissed.

However, Defendant's 12(b)(6) motion to dismiss ignores Plaintiff's additional allegations that unknown jail guards repeatedly disregarded Plaintiff's requests for medical assistance. A Plaintiff may recover for failure to provide medical treatment under the cruel and unusual punishment clause of the Eighth Amendment if he proves that there was a deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 107 (1976); *Bias v. Woods*, 288 Fed.Appx. 158, 162 (5th Cir. 2008). To prove deliberate indifference, Plaintiff must prove the official was (1) "aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn," and (2) that the official "actually drew an inference that such potential for harm existed." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). Evidence that prison officials "refused to treat him,

ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wonton disregard for any serious medical needs" is sufficient to support such a showing. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir 2001). A prisoner's disagreement with his medical treatment is not actionable under Section 1983 absent a showing of exceptional circumstances. *Bias*, 288 Fed.Appx. at 162.

Plaintiff states that he walks with a cane for assistance due to an old right hip injury and takes prescription medications for blood pressure. Taking the allegations in the complaint as true, Plaintiff was refused medical treatment for at least twenty-four (24) hours after sustaining injuries from two (2) different attacks by jail guards despite Plaintiff's repeated requests for medical attention. Plaintiff asserts that "every possible chance available to me, I told the guards or everyone that would listen to me about my suffering to the point where I just gave up trying and just began to bearing [sic] with the pain with many sleepless nights."[22] Plaintiff has shown evidence sufficient to support a claim under 42 U.S.C. §1983 that prison guards, Bexar County officials, ignored his complaints and refused to allow him to seek medical treatment while in prison facilities, and Defendant's motion to dismiss fails to address this claim.

## Conclusion

Defendant's 12(b)(6) motion to dismiss for failure to state a claim is GRANTED. Plaintiff's claim against Defendant Bexar County for excessive use of force is DISMISSED. Plaintiff's complaint fails to state an official policy or custom of which Bexar County had actual or constructive knowledge that was the "moving force" behind the violation of Plaintiff's constitutional rights. Plaintiff's claim against Defendant Bexar County for inadequate medical

---

[22] Pl.'s Compl. at 3.

care provided by University Health System employees is DISMISSED.  Defendant Bexar County cannot be liable for conduct not attributable to the County itself.

Dismissal of Plaintiff's entire complaint is inappropriate at this time. Plaintiff's complaint alleges violations sufficient to support a claim under 42 U.S.C. §1983 for failure to provide adequate medical care against jail guards, Bexar County employees, who allegedly acted with deliberate indifference to Plaintiff's serious medical needs.  Defendant Bexar County's motion to dismiss fails to address this claim.  Plaintiff's claim on those grounds against Bexar County for failure to provide adequate medical care remains.

It is so ORDERED.

SIGNED this 15th day of September, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE