### UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALFRED J. TAYLOR, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CA-045-XR |
| | § | |
| BEXAR COUNTY, | § | |
| | § | |
| *Defendant(s).* | § | |

### ORDER ON DEFENDANT'S 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

On this date, the Court considered Defendant's 12(b)(6) motion to dismiss for failure to state a claim.[1]  Having considered the motion and the documents filed in this case, Defendant Bexar County's motion to dismiss is hereby **GRANTED**.

### Background and Procedural History

On January 19, 2010, Plaintiff filed his motion to proceed *in forma pauperis* ("IFP") against Defendant Bexar County Sheriff's Office.  The Magistrate Judge summarized Plaintiff's complaint as follows:

> Plaintiff's three page proposed complaint names a single defendant, the Bexar County Sheriff's Office, and appears to assert two claims: a claim of excessive use of force and a claim of failure to provide needed medical treatment, each associated with plaintiff's two-week incarceration at Bexar County Jail, apparently in May 2008.  Plaintiff alleges he was housed at the Bexar County Detention Center for two weeks, apparently beginning in May 2008 and ending either in May 2008 or June 2008; plaintiff was

---

[1]Def.'s 2d Mot. to Dismiss, Nov. 1, 2010 (Docket Entry No. 23).

sentenced to two weeks in jail for violating his state probation.[2]

On February 9, 2010, this Court ordered Plaintiff to file an amended complaint against Bexar County, stating "the Bexar County Sheriff's Office is not a proper jural entity that can be sued in a court of law."[3]  On February 23, 2010, Plaintiff filed an amended complaint against Bexar County.[4]

On March 2, 2010, the Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to file within ten (10) days with the Clerk's Office a completed United States Marshal Service ("USMS") Form 285 and legible copies of each of the attachments to the original complaint.[5]  On March 10, 2010, Plaintiff hand-delivered his USMS Form 285, naming Bexar County as the Defendant, but requesting service at the Bexar County Sheriff's Office.[6]  On June 1, 2010, Defendant Bexar County filed a motion to quash service of process for insufficient service under Rule 12(b)(5) of the Federal Rules of Civil Procedure.[7]  This Court granted the Defendant's motion to quash on June 8, 2010, but found that dismissal of the case was not appropriate because the Plaintiff attempted in good faith to accomplish service on the Defendant and there was a reasonable prospect that Defendant would be properly served.[8]  The Plaintiff properly served

---

[2]Docket Entry No. 2 at 1.

[3]Docket Entry No. 3.

[4]Docket Entry No. 4.

[5]Docket Entry No. 5.

[6]Docket Entry No. 7.

[7]Docket Entry No. 9.

[8]Docket Entry No. 10 at 4.

Defendant Bexar County on July 14, 2010.[9]  On August 3, 2010, Defendant filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10]

On September 15, 2010, this Court granted Defendant Bexar County's 12(b)(6) motion to dismiss for failure to state a claim on Plaintiff's claim against Defendant for excessive use of force. This Court also granted Defendant Bexar County's 12(b)(6) motion to dismiss for failure to state a claim on Plaintiff's claim against Defendant for inadequate medical treatment provided by University Health System employees.[11]

Plaintiff's entire complaint was not dismissed at that time because Defendant failed to address Plaintiff's claim under 42 U.S.C. §1983 for failure to provide adequate medical care against jail guards, Bexar County employees, who allegedly acted with deliberate indifference to Plaintiff's serious medical needs.[12]  Plaintiff's claim against Defendant for failure to provide adequate medical care is the only remaining claim.

On October 25, 2010, Plaintiff filed a second amended complaint in which he appears to allege claims of excessive use of force and failure to provide adequate medical care.[13]  Plaintiff alleges that on May 5, 2009, while he was incarcerated at the Bexar County Detention Center, he was "assaulted" by five jail guards without provocation and suffered cracked ribs and an injured right

---

[9]Def.'s 1st Mot. to Dismiss, Nov. 1, 2010 (Docket Entry No. 13 at 2).

[10]Docket Entry No. 13.

[11]Docket Entry No. 15.

[12]*Id.* at 9.

[13]Pl.'s 2d Am. Compl., Oct. 25, 2010 (Docket Entry No. 20).

3

ankle.[14]  Plaintiff alleges after the first assault, his request for medical treatment was "ignored and denied" by the Bexar County Sheriff's Sergeant in charge of the floor.[15]  Plaintiff asserts that on May 6, 2009, a second assault occurred without provocation resulting in injuries to his face and back, a chipped tooth, and "blackened his eyes."[16]  After the second assault, Plaintiff requested medical care, he was treated and prescribed pain medication for two days.[17]  He alleges he continued to suffer severe pain beyond the two-day period, requested further medication, and was subsequently transferred to a psychic ward.[18]  Plaintiff states his requests for further medication and medical treatment were denied.[19]

Plaintiff alleges that as a result of the assaults and lack of medical attention, he suffers from cracked ribs, a chipped tooth, an ankle injury which requires the use of a cane, disabling back pain, and a "Type B aorta dissection in the descending section of [his] artery . . . that will require major surgery to correct."[20]  It is unclear whether this is an additional surgery to the one previously mentioned by Plaintiff.  Plaintiff stated that, prior to his incarceration, he had "a serious heart condition that would need medical surgery if [his] blood pressure and pulse rate [were] not [kept]

---

[14]*Id.* at 1.

[15]*Id.* at 2.

[16]*Id.*

[17]*Id.*

[18]*Id.*

[19]*Id.*

[20]*Id.*

under strict control with medication."[21]  Plaintiff subsequently stated that he had surgery to correct the problem with his aorta on May 21, 2009.[22]

Plaintiff alleges that excessive force and the denial of medical treatment are persistent, widespread practices, which constitute a custom that fairly represents the County's policy.[23]  Plaintiff asserts daily physical abuse of inmates and abusive practices by Sheriff's deputy guards.[24]  Plaintiff alleges that the refusal of medical attention constitutes cruel and unusual punishment under the Eighth Amendment and a deliberate indifference to his serious medical needs.[25]  Plaintiff seeks compensation in the amount of "at least $500,000," court costs, and other relief to which he may be entitled.[26]

On November 1, 2010, Defendant filed a second motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[27]

### Defendant's Motion To Dismiss

Defendant moves to dismiss Plaintiff's second amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[28]  Defendant argues that Plaintiff failed

---

[21]Pl.'s Orig. Compl. 1, Jan. 19, 2010 (Docket Entry No. 1).

[22]*Id*. at 3.

[23]Pl.'s 2d Am. Compl. at 3.

[24]*Id.*

[25]*Id.*

[26]*Id.* at 4.

[27]Def.'s 2d Mot. to Dismiss.

[28]*Id.*  Defendant's motion addresses three issues.  First, Defendant argues that Plaintiff failed to state a claim of excessive use of force based on an individual employee's actions because such a claim cannot be made under a theory of vicarious liability against the government entity.  *Id.* at 2, 4–5.  Pursuant to the Court's September 15, 2010 Order, that claim has already

to state a claim against the government entity which shows an official policy or custom of which Defendant had actual or constructive knowledge was the moving force behind an alleged violation of Plaintiff's constitutional rights.[29]  In addition, Defendant states that Plaintiff fails to state a claim because Plaintiff did not allege his injuries required emergency medical treatment, but rather, Plaintiff complains about "a delay in treatment."[30]  Defendant argues Plaintiff's complaint of delayed treatment fails to rise to the level of deliberate indifference required to state an Eighth Amendment violation[31] and a delay in treatment does not by itself constitute a "wanton disregard for a serious medical need."[32]

### Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 8(a)(2) requires that the Plaintiff make "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The Court must take the factual allegations

---

been dismissed. Docket Entry No. 15 at 6.  The third issue raised by Defendant is the failure to provide adequate medical care by the University Health System medical staff.  That claim was also dismissed in the September 15, 2010 Order.  *Id.* at 7.  Therefore, the only remaining claim is failure to provide adequate medical care by jail guards, Bexar County employees.

[29]*Id.* at 2.

[30]*Id.* at 6.

[31]*Id.* at 2.

[32]*Id.* at 6.

in the complaint as true, and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the Plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993) (citing *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985) (citations omitted)).  The complaint should not be dismissed for failure to state a claim unless it appears that the Plaintiff can prove no set of facts in support of his claim. *Fernandez-Montes*, 987 F.2d at 284–85.

### Analysis

The Eighth Amendment prohibits, in part, the use of cruel and unusual punishment. U.S. CONST. amend. VIII.  The state has a responsibility to provide medical care to inmates, *Hudson v. McMillian*, 503 U.S. 1, 6 (1992), and cruel and unusual punishment may be evidenced by the government's failure to provide adequate medical care "for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The appropriate inquiry into an alleged failure "to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'" *Hudson*, 503 U.S. at 5 (citing *Estelle*, 429 U.S. at 104).  Thus, in order to recover for a failure to provide adequate medical care under the Eighth Amendment, a plaintiff must prove a deliberate indifference to his serious medical needs. *Estelle*, 429 U.S. at 104; *Bias* v. Woods, 288 F. App'x. 158, 162 (5th Cir. 1992).

Deliberate indifference may be evidenced by prisoner guards' intentional denial or delay of medical treatment. *Estelle*, 429 U.S. at 104–05.  Deliberate indifference occurs when an "official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan* 511 U.S. 825, 837 (1994).  The plaintiff must prove the officials were "(1) aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they

actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). Evidence that prison officials refused to treat, ignored complaints, intentionally treated an inmate incorrectly, "or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs" is sufficient to support deliberate indifference. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Estelle*, 429 U.S. at 107). A serious medical need is one in which treatment is recommended and "so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n. 12 (5th Cir. 2006).

Plaintiff's complaint states that he was first assaulted by jail guards on May 5, 2009, the day he was incarcerated, and suffered cracked ribs and an injured ankle from the assault.[33] He alleges that he was assaulted a second time the following day, and suffered injuries to his face, a chipped tooth, blackened eyes, and a back injury.[34] He acknowledges that he received medical treatment approximately twenty-four (24) hours after incarceration, and received a two-day supply of pain medication.[35] He also states that he was later transferred to a psychic ward in response to his additional requests for medication and medical treatment.[36] Plaintiff's receipt of medical treatment within 24 hours of his injuries does not evidence the high standard required to prove deliberate indifference by an intentional denial of medical treatment or a wanton disregard for a serious medical need.

---

[33]Pl.'s 2d Am. Compl. 1, Oct. 25, 2010 (Docket Entry No. 20).

[34]*Id.* at 2.

[35]*Id.*

[36]*Id.*

8

Plaintiff appears to have requested further medication beyond the initial two-day supply provided.[37]  However, allegations that medical treatment should have consisted of additional measures is insufficient to state a claim under the Eighth Amendment.  *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977) (per curiam).  The determination of whether or not to provide additional medical treatment "is a classic example of a matter for medical judgment."  *Gobert*, 463 F.3d at 346 (quoting *Estelle* 429 U.S. at 107).  When medical care is "delayed or not as effective" as an inmate would like, it does not necessarily demonstrate a deliberate indifference to serious medical needs.  *Day v. Kyle*, 6:08CV386, 2009 WL 2901179 at *14 (E.D. Tex. Sept. 2, 2009).  An inmate's disagreement regarding medical treatment rendered is not actionable under Section 1983 absent a showing of exceptional circumstances.  *Bias*, 288 F. App'x. at 162 (citing *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)).  Negligence and malpractice do not rise to the level of deliberate indifference.  *Gobert*, 463 F.3d at 346.  Plaintiff's disagreement regarding a twenty four (24) hour delay in treatment or the type of medical care provided—or lack of extending pain medication— is insufficient to prevail on a Section 1983 claim under the Eighth Amendment.  Experiencing "occasional delays in obtaining" medical treatment is insufficient to prove a refusal of providing medical care when the inmate's testimony and medical records demonstrate that he received treatment.  *Id.*

### Conclusion

Accepting the allegations in the complaint as true, Plaintiff complaint does not allege acts sufficient to state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Defendant's 12(b)(6) motion to dismiss for failure to state a claim is

---

[37]*Id.*

9

therefore GRANTED.  Plaintiff's claim against Defendant Bexar County for failure to provide adequate medical care is DISMISSED.  No claims remain pending in this case.  The Clerk is directed to close the file.

It is so ORDERED.

SIGNED this 23rd day of February, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE